-EDGAR CONKLING, plaintiff in error, *v*. ISAAC UNDERHILL, defendant in error.

*Error to McLean.*

A note given for an usurious consideration is not void, under the statute of Illinois, in the hands of a *bona fide* assignee, without notice, who received the note before its maturity; and usury, in its inception, cannot be pleaded against a note in the hands of such assignee.

Mere illegality of consideration is not sufficient to avoid a note in the hands of an innocent assignee, unless such note has been declared void by statute.

THIS was an action of *debt*, brought in the McLean Circuit Court, by Isaac Underhill against Edgar Conkling. The cause was heard at the April term, 1841, before the Hon. Samuel H. Treat. Judgment was rendered for the plaintiff for $625 debt, and $93.75 damages. The defendant brought the cause to this Court by writ of error.

JAMES SHIELDS and J. C. CONKLING, for the plaintiff in error.

S. T. LOGAN, for the defendant in error.

FORD, Justice, delivered the opinion of the Court: (1)
The plaintiff, Edgar Conkling, on the 17th day of November, 1838, executed his sealed note to B. F. Wood, for $625, payable on or before the 1st day of January, 1840, with twelve per cent. interest; and on the 31st day of December, 1838, Wood assigned the note to the defendant, Isaac Underhill. Underhill brought suit on it, in the McLean Circuit Court, and filed his declaration in the usual form, averring the note to have been assigned to him before it became due. Conkling filed two or three pleas of usury; all, in substance, of about the same import, alleging a reservation of interest exceeding twelve per cent. per annum, but without averring any knowledge of the fact in Underhill, or any other fact to show that Underhill had received the note by way of assignment, in bad faith, or in fraud of the rights of the maker. To these pleas a demurrer was filed, by Underhill, which was sustained by the Court. The assignment of errors presents no. other point than the propriety of this decision.

The note was assigned to Underhill before it became due. He had no notice of the alleged usurious consideration, and, for aught that appears, received it in the usual course of business. There can be no pretence, therefore, that it was brought under the operation of the third section of the act relative to promissory notes,

(1) This case was decided before Justice Ford's resignation, but the opinion was not filed till this term.

&c., so as to enable the Court to enquire into the consideration of the note.

Indeed, it was conceded, in argument, that the only question presented for decision, is, whether, in cases of usury, the consideration cannot be enquired into, for the purpose of showing that the note was illegal and void in its inception. Mere illegality of consideration would not be sufficient to avoid payment of the note in the hands of an innocent assignee. It would become necessary, in addition to illegality of consideration, to show that the statute had declared or made the note void. (1) Numerous authorities could be produced on this point, to the effect that the innocent endorsee of a note, before it becomes due, is not to be prejudiced by illegality of consideration, as between the maker and payee, unless the note has been made void by the statute. True it is, that all of them go on the presumption that usury makes the note void. In England, and in many of the States of the Union, the statutes declare a note taken for usury to be void; thereby making it proper that a usurious note should be taken out of the general rule. But in this State, the statute does not declare such a note to be void; on the contrary, it is expressly provided that the plaintiff shall have judgment for a portion of his debt. Therefore, the note in this State not being void, and Underhill being an innocent assignee, he is entitled to recover.

The judgment of the McLean Circuit Court is affirmed with costs.

*Judgment affirmed.*

*Note.* See Abrams *et al. v.* Camp, *Ante* 290.

(1) Chit. on Bills 116; 2 Kent's Com. 80.